UNITED STATES v. TIFFANY & CO.

Circuit Court of Appeals, Second Circuit. December 4, 1906.)

No. 22.

CUSTOMS DUTIES—ACTION FOR UNPAID DUTIES—DEFENSE—JURISDICTION OF GENERAL APPRAISERS—FINALITY OF COLLECTOR'S DECISION.

A collector of customs reliquidated the duty on imported merchandise at an increased rate, and brought an action for the amount thus becoming due. The importers defended on the ground that the rate assessed was illegal. *Held*, that questions as to rate could not be raised in such proceedings; that the Board of General Appraisers was created by Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], as a special tribunal having, subject to review by the courts, exclusive jurisdiction over controversies as to the rate of duty on importations; that the importers' only remedy was to pay under protest the duties found due by the collector; and that unless they did this the collector's decision was "final and conclusive" as provided in said section.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 195.]

In Error to the Circuit Court of the United States for the Southern District of New York.

For decision below, see 137 Fed. 971. Note Louisville Pillow Company v. United States (C. C. A.) 144 Fed. 386.

J. Osgood Nichols, Asst. U. S. Atty.

D. Macon Webster (Arthur M. King, of counsel), for importers.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

LACOMBE, Circuit Judge. The corporation of Tiffany & Co. in 1902 made consumption entry at the custom house of certain pearls

upon which duty was liquidated on a basis of 10 per cent. ad valorem. Subsequently, on May 7, 1903, for reasons which it is not necessary to state, a reliquidation was made on the basis of 60 per cent. ad valorem. Against the classification made upon the reliquidation the importers duly protested in writing within the 10 days limited by the statute for such protest. They failed, however, to pay the additional amount of duties ascertained to be due upon such reliquidation. Thereupon the government brought an action to recover the same from defendant July 1, 1903. The cause came duly on for trial; testimony was introduced tending to show whether the articles were "pearls in their natural state not strung or set," or "articles commonly known as jewelry and parts thereof * * * including * * * pearls set or strung"; and, the case being given to the jury, verdict was rendered for the defendant. The plaintiff duly excepted to the admission of such testimony, and to a denial of a motion to direct a verdict in its favor on the ground that the action of the collector was final and conclusive.

The language of section 14 of the customs administrative act of June 10, 1890 (26 Stat. 137, c. 407 [U. S. Comp. St. 1901, p. 1933]), is clearly determinative of this cause. That act made a radical change in the entire subject of customs administration by wholly eliminating juries as triers of the facts in controversy as to classification of imported articles for duty, and by creating a special tribunal—the Board of General Appraisers—to deal with all such questions. Exclusive jurisdiction thereof (subject to review by the courts) is conferred upon the Board by section 14 of the act of 1890 which (as amended by act of July 24, 1897 [30 Stat. 212, c. 11]) provides that:

"The decision of the collector as to the rate and amount of duties chargeable upon imported merchandise * * * shall be final and conclusive against all persons interested therein, unless the owner, importer * * * etc., * * * shall within ten days after but not before such ascertainment and liquidation of duties * * * give notice in writing to the collector, setting forth therein * * * the reason for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon. Upon such notice and payment the collector shall transmit the invoice and all the papers and exhibits * * * to the Board of three General Appraisers," etc.

Unless review is secured as provided in the section just quoted the decision of the collector remains final and conclusive; and it is essential to the securing of such review that the owner, importer, etc., "shall pay the full amount of the duties and charges ascertained to be due." In the case at bar no such payment was made. Therefore the collector's decision never came before the Board of General Appraisers for review. And, since the necessary steps to obtain such review were not taken, such decision was final and conclusive. When, therefore, it appeared upon the trial that the collector had made a decision, reliquidating the duty the government became entitled to a disposition of the cause in conformity with such decision without any reference of questions as to rate and classification to the jury, and it was error to refuse the request to direct a verdict in favor of plaintiff for the unpaid duties in the amount ascertained by the collector.

The importer refers to U. S. v. Goldenberg, 168 U. S. 95, 18 Sup. Ct. 3, 42 L. Ed. 394, but there is nothing in that authority which in-

·dicates any different conclusion. It merely holds that the 10 days' limitation does not apply to the payment as well as to the protest, which indeed is manifest on the face of the statute.

The judgment is reversed.